[No. 9434. Department One. — March 31, 1886.]

IN THE MATTER OF THE ESTATE OF MARGARET ARMSTRONG, DECEASED. ROBERT STEVENSON, APPELLANT.

ESTATE OF DECEDENT— SPECIAL ADMINISTRATOR— PERSONAL INDEBTEDNESS — ACCOUNTING. — Under sections 1415 and 1417 of the Code of Civil Procedure, the special administrator of the estate of a deceased person, who is individually indebted to the deceased, must charge himself in his account as special administrator with the amount of his indebtedness.

APPEAL from an order of the Superior Court of the city and county of San Francisco settling the account of a special administrator.

Upon the settlement of the account in question, the court found that the special administrator was indebted to the deceased in a large sum of money, for which he had failed to charge himself in his account, and ordered that he charge himself therewith. The further facts are stated in the opinion of the court.

*Sawyer & Burnett,* for Appellant.

*M. C. Blake,* and *J. M. Allen,* for Respondents.

Ross, J.—The question in this case is, whether a person, indebted to the deceased, and who was appointed special administrator of the estate, was, upon the settlement of his account as such special administrator, properly charged by the Probate Court with the amount of the indebtedness.

It is admitted for the appellant that if he had been the general administrator, he would have been properly chargeable, but it is claimed that under the provisions of the statute in respect to special administrators such a charge is not permissible. The duties of a special administrator are thus defined by section 1415 of the Code of Civil Procedure:—

" The special administrator must collect and preserve for the executor or administrator all the goods, chattels, debts, and effects of the decedent, all incomes, rents, issues and profits, claims and demands of the estate; must take the charge and management of, enter upon and preserve from damage, waste, and injury, the real estate, and for any such and all necessary purposes may commence and maintain or defend suits and other legal proceedings as an administrator; he may sell such perishable property as the court may order to be sold, and exercise such other powers as are conferred upon him by his

appointment, but in no case is he liable to an action by any creditor on a claim against the deceased."

Among the duties thus devolved by statute upon the special administrator is that of collecting the debts of the estate; and for that and other like purposes, the right to commence and maintain suits and other legal proceedings as an administrator is conferred upon him; and by section 1417 of the same code it is provided that "the special administrator must render an account, on oath, of his proceedings, in like manner as other administrators are required to do."

It was the duty of the special administrator in this case to collect the debts due the estate for which he was acting, and to bring suit where necessary for the purpose. But he could not sue himself. Yet the statute of limitations might work a bar of his debt during his administration unless (the debt being due) he is to be deemed to hold the amount due in his hands, and accountable for the same on the settlement of his administration. It is so with ordinary administrators, as is conceded by appellant's counsel, and we discover nothing in the provisions of the statute in respect to special administrators that demands or would warrant the application of a different rule as to them.

Order affirmed.

McKINSTRY, J., and MYRICK, J., concurred.

